IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BILLY JOE WALKER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:13cv00425 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| J. OWENS, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Billy Joe Walker, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that remaining defendants, Sgt. Sykes, Lt. Still, and Capt. Tate subjected him to cruel and unusual punishment, in violation of the Eighth Amendment, and intentionally inflicted emotional distress, in violation of Virginia law.[1] These defendants have filed a motion for summary judgment, and Walker has responded thereto, making this matter ripe for disposition. After reviewing the record, I conclude that material disputes of fact exist and, therefore, I will deny defendants' motion for summary judgment.

**I.**

Walker declares that on August 4, 2013, Sgt. Sykes and Lt. Still denied him bathroom breaks and meals while he was held in five-point restraints from 6:00 a.m. to 9:30 p.m. While Walker was in restraints, he submits that he told Capt. Tate that he "was being starved and refused breaks." In response to the defendants' motion to dismiss, Walker declared that the defendants left him in the restraints "without breaks or food to intentionally inflict psychological torture," and that he "suffered extreme cramping and hunger."

In their motion for summary judgment, defendants state that Walker was placed in five-point restraints to prevent him from harming himself, they checked on him seven times between

---

[1] By a prior memorandum opinion and order, I dismissed Walker's other claims and all other defendants. *See* Docket Nos. 57 and 58.

6:00 a.m. and 6:00 p.m., and they offered him meals and bathroom breaks, which they say he refused. Defendants assert that Walker was disruptive and threatened to harm himself and others while he was held in the five-point restraints. Defendants provide logbooks in support of their version of events. Defendant Cpt. Tate denies that Walker informed him that officers had denied him meals or bathroom breaks.

In response to defendants' motion for summary judgment, Walker denies that he was disruptive, he was offered any meal or bathroom breaks, and he made any threats to harm himself or anyone else. He also states that he specifically told Cpt. Tate that Sgt. Sykes and Lt. Still were deliberately denying him meals and breaks.

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 250. In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp.*

*Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

### III.

The Eighth Amendment prohibits prison officials from inflicting unnecessary and wanton pain and suffering on prisoners. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). To resolve a claim that prison staff's use of force violated the Eighth Amendment, the court must determine whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21. Whether the force was necessary or intentionally aimed at inflicting unnecessary physical harm depends on factors such as the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates reasonably perceived by responsible officials, and any efforts made to temper the severity of a forceful response. *Id.* at 321; *see, e.g., Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

The use of five-point restraints in a good faith effort to control an inmate is not *per se* unconstitutional. *See, e.g., Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996). However, courts have found that continued restraint of this type, without legitimate purpose, can state a constitutional violation. *See id.* at 763. "[When] the immediacy of the disturbance [i]s at an end . . . the unnecessary infliction of continued pain throughout a prolonged time period clearly supports an inference that the guards were acting to punish, rather than to quell the disturbance." *Id.* at 765 (citing *United States v. Cobb*, 905 F.2d 784, 789 (4th Cir. 1990) ("[P]unitive intent behind a defendant's use of force may be inferred when the force is not reasonably related to a legitimate nonpunitive governmental objective.") (internal quotations omitted)). Thus, the

continued use of five-point restraints on an inmate who does not currently pose any threat to security or discipline can violate the Eighth Amendment, even when that inmate does not suffer significant physical injuries. *See Sadler v. Young*, 325 F. Supp. 2d 689, 704 (W.D. Va. 2004); *Davis v. Lester*, 156 F. Supp. 2d 588, 594 (W.D. Va. 2001).

Viewing the record as a whole and drawing all reasonable inferences in the light most favorable to Walker, I conclude that there are genuine issues of material facts concerning whether Walker posed a threat to security during the time he was restrained, whether the defendants offered Walker meals and bathroom breaks during the time he was restrained, and whether defendant Tate knew that Walker was allegedly denied meals and breaks for a prolonged period.[2] Accordingly, I will deny defendants' motion for summary judgment and direct that this matter be set for a jury trial.[3]

---

[2] Defendants also move for summary judgment based on qualified immunity. However, summary judgment based upon qualified immunity is inappropriate "where what actually happened . . . need[s] to be resolved by the trier of fact in order to reach a decision on the applicability of qualified immunity." *Lowery v. Stovall*, 92 F.3d 219, 222 (4th Cir. 1996) (quoting *Rainey v. Conerly*, 973 F.2d 321, 324 (4th Cir. 1992)). Accordingly, I cannot grant the defendants summary judgment on that basis.

[3] Walker also filed motions to compel discovery (Docket No. 69) and "for a spoliation holding" (Docket No. 70). In his motion to compel, Walker seeks: (1) the Employee Code of Conduct for Red Onion State Prison, (2) all policies regarding the use of restraints, (3) all formal documents concerning Walker's time in restraints on August 4, 2013, (4) rapid eye video footage from August 3-4, 2013 from B-300 pod, and (5) the names of all correctional officers who were working B-300 pod on August 4, 2013. Defendants responded to Walker's motion to compel and objected to providing him with the Employee Code of Conduct and the policies regarding use of restraints because they are "restricted for offender access." Walker has not demonstrated the relevance or necessity of these documents to the adjudication of the motion for summary judgment and, therefore, I will deny his motion to compel these discovery requests without prejudice to his opportunity to request these documents in a pretrial motion. In response to the motion to compel, defendants provided Walker with all formal documents concerning Walker's time in restraints on August 4, 2013 and the names of all officers on duty in his pod that day. Therefore, I will deny Walker's motion to compel these discovery requests as moot. In their response to the motion, defendants also stated that the Virginia Department of Corrections is not in possession of any video footage from the B-300 pod rapid eye camera from August 3-4, 2013. I cannot compel the defendants to provide discovery which they do not possess and, therefore, I will deny Walker's motion to compel this discovery request.

In his motion "for a spoliation holding," Walker asks the court to determine that the rapid eye video requested in his motion to compel was spoliated. Spoliation is "the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Goodman v. Praxair Servs. Inc.*, 632 F. Supp. 2d 494, 505 (D. Md. 2009). District courts have broad authority to remedy spoliation through sanctions ranging from default judgment to the imposition of an adverse inference, *id.* at 506, that the "spoliator was aware that the [missing] evidence would have been detrimental" to his case, *Victor*

ENTER: This 26th day of January, 2016.

                                                            */s/ Norman K. Moon*
                                                          NORMAN K. MOON
                                                          UNITED STATES DISTRICT JUDGE

---

*Stanley Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 535 (D. Md. 2010) (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)). A party seeking a spoliation sanction must show these elements:
> (1) [T]he party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind'; and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it.

*Goodman*, 632 F. Supp. 2d at 509 (citing *Thompson v. U.S. Dep't of Housing and Urban Dev.*, 219 F.R.D. 93, 101 (D. Md. 2003). In the instant case, it is not necessary for me to make a finding that the rapid eye video was spoliated because, in adjudicating the defendants' motion for summary judgment, I am not weighing the evidence or determining credibility; rather I am determining whether a material dispute of fact exists. Therefore, the absence of the rapid eye video has not prejudiced Walker's case at this point. Furthermore, there is no evidence that the video was actually spoliated or that it ever existed. Accordingly, I will deny Walker's motion without prejudice to his opportunity to raise the issue in a pretrial motion.